IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

**JOSEPH E. MOLINA,**

**Plaintiff,**

**vs.**                                                              **NO. CIV 06-1012 WJ/WDS**

**OFFICER BRIAN ARCHIBEQUE (APD)
and CITY OF ALBUQUERQUE,**

**Defendants.**

### MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION[1]

This Report and Recommendation is submitted pursuant to the Presiding Judge's Amended Order to Show Cause Why Sanctions Should Not Be Imposed on Counsel for Plaintiff and Counsel for Defendants and Order of Reference (Doc. No. 47). In response to the Court's Amended Order, this Court ordered counsel for the parties to respond to the issues raised by the Presiding Judge (Doc.No. 48). Counsel filed a timely joint response (Doc. No. 49). This Court then held a hearing on June 29, 2009.

### FINDINGS

The first issue was the failure of counsel to comply with case management deadlines, specifically their failure to submit the required pre-trial Order on the due date of December 22, 2008. Counsel indicated that when the Court vacated the original March 3, 2009 trial date they mutually assumed the pre-trial Order date had also been vacated. They conceded to the Court that they had each made the same mistake. Both counsel stressed that their mistake was offered as an explanation,

---

[1] Within ten (10) days after a party is served with a copy of these findings and recommendations, that party may, pursuant to 28 U.S.C. § 636(b)(1), file written objections to such findings and recommendations. A party must file any objections with the Clerk of the U.S. District Court within the ten-day period allowed if that party wants to have appellate review of the findings and recommendations. If no objections are filed, no appellate review will be allowed.

not as an excuse.  Both counsel apologized for their error.

The second issue raised was whether the case should be dismissed.  The Court determined that the parties had been working to complete discovery and had been preparing the case for trial and would have been ready for the first trial date in March.   In this regard the Court inquired as to why no dispositive motions had been filed by the Defendants.  The parties informed the Court that they had agreed between them that Plaintiff would dismiss the negligent  supervision claims and the municipal liability claims before trial.  It was Defendants' counsel's position that the facts of the case were such that she did not believe she had a good faith basis to file a summary judgment on any remaining issues (those being the claims of excessive force, First Amendment violation, and unlawful detention).  Counsel stated that the dismissal order on the supervisory and municipal liability claims would be forwarded to the Court forthwith.[2]

The Court also determined that all discovery has been completed and  the case is currently ready for trial.  It is expected that no more than one to two days will be needed to try the case, as there are only four witnesses expected to testify.

## RECOMMENDATION

Based upon the fact that the failure to file the pre-trial Order in a timely manner was, though negligent, not intentional, and the fact that counsel were preparing their cases for trial, this Court recommends that no sanctions be imposed.  This Court made it abundantly clear to counsel that management deadlines were not suggestions, but rather requirements that should be uppermost in their minds as they prepare a case.

This Court does not believe dismissal is appropriate as it does appear that the parties were

---

[2]The stipulation of dismissal was filed with the court on the afternoon of June 29, 2009.

actively preparing the case for trial, notwithstanding the lack of activity on the Court's docket.

Lastly, presuming the Presiding Judge agrees with the above recommendations, I have ordered counsel for Plaintiff to have his portion of the pre-trial Order to the Defendants by July 10, 2009, and Defendants to file the consolidated Orde r with the Court by July 20, 2009.

_____
W. DANIEL SCHNEIDER
UNITED STATES MAGISTRATE JUDGE